ORIGINAL

Mark A Diaz
94-1221 Ka Uka Blvd 103-210
Waipahu, Hawaii 96797
Phone: 808-723-0382

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 7 2015

at __3__ o'clock and __39__ min. __P__ M
SUE BEITIA, CLERK

## IN THE UNITED STATES
## FOR THE DISTRICT OF HONOLULU

| | | |
|---|---|---|
| PLAINTIFF; | ) | |
| | ) | Civil No. CV15 00450 LEKBMK |
| Mark Anthony Diaz (Secured Party) | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| DEFENDANT; | ) | **COMPLAINT in Common Law**: |
| | ) | Exhibits A-C, Form AO 240, 88B, HID |
| Medcah Collection Agency | ) | 440 |
| | ) | |
| | ) | |
| | ) | |
| ————————————————— ) | | |

## COMPLAINT FOR PERMANENT
## INJUNCTION AND OTHER RELIEF

Plaintiffs Mark A. Diaz represents:

1. This equitable action under Sections 5(a) and 13(b) of the Federal Trade
   Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b); the Fair Debt
   Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; and the Fair
   Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, The Uniform

Commercial Code (UCC) HRS Title 27 Chapter 490, to obtain permanent injunctive relief, restitution and other equitable relief for violations of the FDCPA, the FTC Act, the FCRA and the UCC by Medcah Collection Agency Incorporated ("Medcah").

2. This action is also under Sections 1031(a), 1036(a)(1), and 1054 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1), and 5564; the FDCPA, 15 U.S.C. §§ 1692-1692p; the FCRA, 15 U.S.C. §§ 1681-1681x; and Article 9 §§ 210, 625(f), to obtain permanent injunctive relief, restitution, civil money penalties, and other relief for violations of the CFPA, FDCPA, FCRA, and the UCC by Medcah.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a), and 1345; under 15 U.S.C. §§ 45(a)(1) and 53(b) with respect to FTC Act claims; under 12 U.S.C. § 5565(a)(1) with respect to CFPA claims; under 15 U.S.C. § 1692*l* with respect to FDCPA claims; under 15 U.S.C. § 1681s with respect to FCRA claims; and under 28 U.S. Code § 1367 with respect to UCC claims.

4. Venue is proper in the United States District Court for the District of Hawaii because Argon is located in and does business in this District, 28 U.S.C. §§ 1391(b) and (c), 15 U.S.C. § 53(b), and 12 U.S.C. § 5564(f).

### Nature of Action- Common Lawsuit

5. This common law civil action represents: That Mark Diaz (Plaintiff) is established as a secured party creditor of the defendant's alleged claim and due to violations of specified federal regulation.

### VIOLATIONS OF SECTION 5 OF THE FTC ACT AND THE CFPA

6. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Plaintiff brings this action under the Federal regulations enacted by the FTC and hereby affirms that the following offenses and violations have occurred;

7. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Acts or practices are unfair under Section 5 of the FTC Act, if they cause substantial injury to consumers; 15 U.S.C. § 45(n).

## Deceptive Acts and Practices Regarding Credit Reporting

8.  Consistently in the course of collecting debts from consumers, the defendant has represented to credit reporting bureaus, directly and expressly, that the plaintiff's alleged debt is valid and has unpaid balances, defaulted payment dates, monthly payment amounts, delinquency status and unpaid fees or other amounts due.

9.  In truth and in fact, the material representations set forth in Paragraph 6 were false because they were not verified upon dispute:

   a.  Plaintiff disputed the validity of debt and the defendant failed to provide required information verifying the debt, or failed to consider or respond to the disputes, prior to continuing collection.

10. The following violations have caused irreparable damage by blocking plaintiff from credit worthiness in financing and housing.

## Count I by Plaintiff: Deceptive Practice

11. The defendants representations as set forth in Paragraph 6 are false or misleading and constitute a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II by Plaintiff: <u>Deceptive act or Practice</u>

12. The defendants representations as set forth in Paragraph 6 are false or misleading and constitute a deceptive act or practice in violation of Consumer Financial Protection Act (CFPA) 12 U.S.C. §§ 5531(a) and 5536(a)(1)(B).

## Count III by Plaintiff: <u>Misrepresentation of a Debt</u>

13. The representations as set forth in Paragraph 6 are false or misleading and constitute a deceptive act or practice in violation of the CFPA, 12 U.S.C. §§ 5531(a) and 5536(a)(1)(B) and a misrepresentation by the collector about the debt, Gearing v. Check Brokerage Corp, Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn. 1990).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l* (a), provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

15. The term "consumer" as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a (3), means "any natural person obligated or allegedly obligated to pay any debt." The term "debt" as defined in Section 803(5) of the FDCPA, 15 U.S.C. §

1692a (5), means "any obligation or alleged obligation of a consumer to pay money…"

### Count IV by Plaintiff: <u>Failure in Reporting Disputed Debts</u>

16. According to Section 807(8) of the FDCPA, 15 U.S. Code § 1692e (8), the debt collector must report the disputed debt to the bureaus as disputed.   However the debt collector/defendant has failed to report the debt as disputed to the consumers credit bureaus, a violation under the FDCPA.

### Count V by Plaintiffs: <u>Reporting Invalid Debt</u>

17. According to the FDCPA Section 809(b), 15 U.S. Code § 1692g(b) and FTC opinion letter *Cass from LeFevre,* the debt collector has failed to validate debt by legal "verification", which is legally defined in Black's Dictionary "to swear by oath or affidavit", but instead has continued to report it to credit bureaus.

### <u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>

18. The FCRA, 15 U.S.C. § 1681 et seq., was enacted in 1970 and became effective on April 25, 1971. The Act has been in force since that date. In 1996, the FCRA was amended by Congress and added Section 623 of the Act, which delineated the responsibilities of furnishers of information to consumer reporting agencies, effective on October 1, 1997.

19. Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A), prohibits a person from furnishing information relating to any consumer to a consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

20. Since the dispute has begun, the connection with furnishing information relating to the consumer to the consumer reporting agencies, the defendant has furnished such information while knowing or having reasonable cause to believe that the information was inaccurate because it was disputed.

### Count VI by Plaintiffs: <u>Furnishing Information Known to Be Inaccurate</u>

21. The acts and practices alleged in Paragraph 17 constitute violations of Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).

### <u>VIOLATIONS OF THE CASE LAW & UCC</u>

22. The Uniform Commercial Code (UCC), first published in 1952, is a uniform act that has been promulgated to harmonize the law of sales and other commercial transactions in all 50 states within the U.S.  Case law is Common Law.

### Count VII by Plaintiff: <u>Defamation and Financial Injury</u>

23. Defamation and financial injury has occurred, as in US Court of Appeals Ninth Circuit, No. 00-15946, Nelson vs. Chase Manhattan.

**Count VIII by Plaintiff <u>Failure to Provide an Authentic Statement of Account</u>**

24. The Plaintiff /Consumer has a right to receive an "authentic statement of account" in accordance with UCC 9 §§ 210, 625(f), the defendant did not provide this, a violation of the UCC.

<u>**Prayer for Relief**</u>

25. WHEREFORE, Plaintiff respectfully requests this Court:

A. Order defendant to expunge this unverified debt from its books and send a letter to the defendant verifying it has been deleted.

B. Order defendant to comply with FDCPA and FCRA, UCC standards in all future debt collections;

C. Exercise close supervision over defendant's orders under this court including the defendant complying with injunctive relief (or in the alternative appoints a special master to do so).

D. Award to Plaintiff all costs and reasonable fees as provided in 5 U.S.C. § 552(a)(4)(E) or any other law;

E. Order defendant to pay legal damages and penalties to the plaintiff pursuant to FCRA, FDCPA and UCC violations.

F. Grant other and further relief as the Court may deem just and proper.

Dated this 27th day of September, 2015.

Respectfully submitted,

Mark Anthony Diaz Sui Juris

94-1221 KA UKA BLVD # 103-210

WAIPAHU HAWAII

T:  (808) 723-0382

Email: creativefinance4@gmail.com